IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JANICE KIDD, | ) | Case No. 22-21053-JAD |
| | ) | Chapter 13 |
| Debtor. | ) | Related to ECF Nos. 78 & 80 |
| ──────────────────── | X | |
| | ) | |
| RONDA J. WINNECOUR, | ) | |
| Chapter 13 Trustee, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. BANK TRUST NATIONAL | ) | |
| ASSOCIATION, not in its | ) | |
| individual capacity, but solely | ) | |
| as Owner Trustee for VRMTG | ) | |
| ASSET TRUST, | ) | |
| | ) | |
| Respondent. | ) | |
| ──────────────────── | X | |

**ORDER HOLDING RESPONDENT IN CIVIL CONTEMPT AND
IMPOSING COERCIVE SANCTIONS FOR FAILURE TO COMPLY WITH
THIS COURT'S ORDER DATED OCTOBER 14, 2025; AND
<u>SCHEDULING FURTHER HEARING</u>**

AND NOW, this <u>20th</u> day of January, 2026, upon consideration of the Chapter 13 Trustee's Motion to Compel Production of Documents in Accordance with the Order Dated October 14, 2025, and for Sanctions (ECF No. 80) (the "Motion"), the Response filed by U.S. Bank Trust National Association, not in its individual capacity, but solely as Owner Trustee for VRMTG Asset Trust (ECF No. 83) (the "Response"), and after notice and hearing held on January 20, 2026, and for the reasons stated on the record, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1

A. **FINDINGS**

1. On October 14, 2025, this Court entered an Order granting the Trustee's Motion to Preclude Notices of Post-Petition Mortgage Fees, Expenses and Charges (the "October 14, 2025 Order") at ECF No. 78. The October 14, 2025 Order, among other things:

   (a) DISALLOWED all charges requested in the Notice of Post-Petition Mortgage Fees, Expenses and Charges filed on August 14, 2024; and

   (b) DISALLOWED all charges requested in the Notice of Post-Petition Mortgage Fees, Expenses and Charges filed on March 12, 2025; and

   (c) required Respondent to provide to the Court proof that the records have been adjusted to remove the disallowed charges no later than thirty (30) days from the date of the October 14, 2025 Order; and

   (d) required Respondent to provide to the Court an affidavit from an authorized employee confirming that the disallowed charges will not be reassessed to Debtor's account; and

   (e) provided that no additional charges would be assessed for compliance with the October 14, 2025 Order.

2. The October 14, 2025 Order is a valid and enforceable order of this Court, and its directives are clear, definite, and unambiguous.

3. Respondent had notice of the October 14, 2025 Order.

4. Based upon the admissions of the Respondent, the Court finds, by clear and convincing evidence, that Respondent failed to comply with the October 14, 2025 Order, including by failing to timely provide the required proof of record adjustment and by failing to timely provide the required affidavit from an authorized employee.

5. Respondent's counsel appeared at the January 20, 2026 hearing and did not provide meaningful evidence of compliance. Rather, Respondent's counsel acknowledged that Respondent had not complied with the October 14, 2025 Order as of the date of the hearing.

6. Respondent's asserted explanation that the loan was transferred to a new servicer after entry of the October 14, 2025 Order does not excuse Respondent's noncompliance. Respondent remains responsible for

ensuring compliance with this Court's orders, including through and after any servicing transfer.

7. The Court finds that coercive and compensatory sanctions are necessary and appropriate to enforce compliance, to remedy the Trustee's time and expense incurred in seeking enforcement of the October 14, 2025 Order, and to protect the integrity of this Court's orders and the administration of Chapter 13 cases.

### B. CIVIL CONTEMPT

8. Respondent, U.S. Bank Trust National Association, not in its individual capacity, but solely as Owner Trustee for VRMTG Asset Trust, is hereby HELD IN CIVIL CONTEMPT for failure to comply with the October 14, 2025 Order.

### C. COMPLIANCE REQUIRED WITHIN THREE (3) DAYS

9. Within three (3) days of entry of this Order, Respondent shall file on the docket, and serve upon the Trustee and Debtor's counsel, the following:

(a) Documentary proof that Respondent's records (including those of any current servicer and any system used to maintain the Debtor's mortgage loan history) have been adjusted to remove all charges disallowed by the October 14, 2025 Order; and

(b) an affidavit executed by an authorized employee/officer with knowledge of Respondent's records and/or the servicing history of this loan, attesting under penalty of perjury that:

(i) the disallowed charges have been removed from the Debtor's account;

(ii) the disallowed charges will not be reassessed to the Debtor's account; and

(iii) no additional fees, expenses, or charges have been or will be assessed against the Debtor for compliance with the October 14, 2025 Order or this Order.

### D. COMPENSATORY SANCTION PAYABLE TO TRUSTEE

10. Pursuant to 11 U.S.C. § 105(a) and this Court's civil contempt authority, Respondent shall remit the sum of $1,000.00 to the Chapter 13 Trustee as compensation for the Trustee's time and expense incurred in

3

bringing and prosecuting the Motion and enforcing compliance with the October 14, 2025 Order. Such payment shall be made within three (3) days of entry of this Order.

### E. COERCIVE PER DIEM SANCTIONS PAYABLE TO DEBTOR FOR CONTINUED NONCOMPLIANCE

11. If Respondent fails to fully comply with Paragraph 9 of this Order within the three (3) day compliance window, then beginning on Day 4 after entry of this Order, Respondent shall incur coercive civil contempt sanctions payable to the Debtor as follows:

    (a) $100.00 per day for each day of noncompliance from Day 4 through Day 10;

    (b) $500.00 per day for each day of noncompliance from Day 11 through Day 20; and

    (c) $1,000.00 per day for each day of noncompliance from Day 21 through Day 30.

12. The sanctions set forth in Paragraph 11 are coercive and remedial in nature and shall continue to accrue until Respondent files and serves complete compliance as required by Paragraph 9 of this Order, or until Day 30, whichever occurs first.

### F. FURTHER HEARING IF NONCOMPLIANCE CONTINUES PAST DAY 30

13. If Respondent has not fully complied with Paragraph 9 of this Order by Day 30 after entry of this Order, the Court shall conduct a further in-person hearing to determine whether further and additional sanctions should be imposed.

14. The further in-person hearing referenced in Paragraph 13 is hereby SCHEDULED for <u>February 24, 2026, at 10:00 a.m.</u> Eastern Time, in the United States Bankruptcy Court, Courtroom D, 54th Floor, U.S. Steel Building, Pittsburgh, Pennsylvania 15219.

15. At the hearing referenced in Paragraphs 13 and 14, the Court will consider, without limitation:

    (a) further monetary sanctions in an amount of $10,000.00 or such other amount (either lower or higher) sufficient to incentivize the breaching party to comply;

  (b) whether the Court should declare that the mortgage at issue and any debt underlying the same is satisfied;

  (c) an award of additional attorneys' fees and costs incurred by the Trustee and/or Debtor's counsel; and

  (d) any combination of the preceding, or such other relief as the Court deems appropriate under applicable law and the circumstances.

 16. At the hearing referenced in Paragraphs 13 and 14, an authorized officer/employee of Respondent with knowledge of this account and the servicing history shall be present in person, and Respondent's counsel shall also appear in person.

 17. Nothing herein limits the authority of this Court to enter such further orders as may be necessary to enforce compliance with its orders and to protect the integrity of the bankruptcy process.

BY THE COURT:

1/20/2026 _____
THE HON. JEFFERY A. DELLER sjk
U.S. BANKRUPTCY JUDGE

FILED
1/20/26 2:30 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-21053-JAD |
| Janice Kidd | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Jan 20, 2026 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**  **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 22, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Janice Kidd, 7130 Frankstown Ave, #614, Pittsburgh, PA 15208-1448 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jan 22, 2026 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 20, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Daniel Philip Jones | on behalf of Creditor US Bank Trust National Association djones@sterneisenberg.com bkecf@sterneisenberg.com |
| Daniel Philip Jones | on behalf of Defendant US BANK TRUST NA, not in its Individual Capacity but solely as Owner Trustee for VRMTG Asset Trust, by its Servicer, FAY SERVICING LLC djones@sterneisenberg.com, bkecf@sterneisenberg.com |
| Daniel Philip Jones | on behalf of Creditor US Bank Trust National Association Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust djones@sterneisenberg.com, bkecf@sterneisenberg.com |
| Denise Carlon | on behalf of Creditor US Bank Trust National Association dcarlon@kmllawgroup.com |
| Denise Carlon | on behalf of Creditor US Bank Trust National Association Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust dcarlon@kmllawgroup.com |

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 2 of 2 |
| Date Rcvd: Jan 20, 2026 | Form ID: pdf900 | Total Noticed: 1 |

Eileen D. Yacknin
    on behalf of Debtor Janice Kidd yacknine@nlsa.us

Eileen D. Yacknin
    on behalf of Plaintiff Janice Kidd yacknine@nlsa.us

Heather Stacey Riloff
    on behalf of Creditor Wilmington Savings Fund Society  FSB, as Owner Trustee of the Residential Credit Opportunities Trust logsecf@logs.com

Jeffrey R. Hunt
    on behalf of Creditor Pittsburgh Water and Sewer Authority jhunt@grblaw.com

Jeffrey R. Hunt
    on behalf of Defendant Pittsburgh Water and Sewer Authority jhunt@grblaw.com

Keri P. Ebeck
    on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com btemple@bernsteinlaw.com;aepiscopo@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com

Nicholas Marsilio, II
    on behalf of Creditor Department of Labor and Industry  Office of UC Benefits Policy nimarsilio@pa.gov

Nicholas Marsilio, II
    on behalf of Defendant Pennsylvania Office of Unemployment Compensation Benefits Policy  Department of Labor and Industry nimarsilio@pa.gov

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
    cmecf@chapter13trusteewdpa.com

Steven K. Eisenberg
    on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust seisenberg@sterneisenberg.com, bkecf@sterneisenberg.com

TOTAL: 16